929 F.2d 691
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Curtis CANNADY, Plaintiff-Appellant,
v.
M.E. WILSON; B.L. Radford; B.N. Thompson; Russell Kirby,
Defendants-Appellees.
 No. 91-7252.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 15, 1991.
Decided March 20, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-90-698)
 William Curtis Cannady, appellant pro se.
 E.D.N.C.
 AFFIRMED AS MODIFIED.
 Before K.K. HALL, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Curtis Cannady appeals the district court's dismissal of his case pursuant to 28 U.S.C. Sec. 1915(d) because it was frivolous. We affirm the dismissal on other grounds.
 
 
 2
 Cannady filed a complaint under 42 U.S.C. Sec. 1983, alleging various deprivations of rights associated with his arrest and subsequent conviction. The complaint alleged, inter alia, that he had been subjected to an illegal search and seizure of evidence, that the fruits of that illegal search had been used against him in his criminal trial, that he had been denied his right to confront his accuser, and that he was denied effective assistance of counsel.
 
 
 3
 His claims, if substantiated in evidence, state arguable constitutional claims. Therefore, the test for frivolity in Neitzke v. Williams, 490 U.S. 319, 325 (1989), has not been met since there is an arguable basis in law and fact for his claims.
 
 
 4
 Though Cannady may have a valid constitutional claim, Sec. 1983 is not the proper forum for challenging his state court conviction. Rather, he should pursue postconviction relief under 28 U.S.C. Sec. 2254. Rose v. Hodges, 423 U.S. 19 (1975). The district court is without authority to rule on the merits of a claim for postconviction relief at this time, however, since Cannady has not shown exhaustion of his claims in state court. Moreover, he may not circumvent the exhaustion requirement by filing a claim under 42 U.S.C. Sec. 1983. Preiser v. Rodriguez, 411 U.S. 475 (1973); Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982).
 
 
 5
 Accordingly, we modify the dismissal of the district court to reflect that it is without prejudice for failure to exhaust the claims in state court, and affirm as modified. Cannady's motion for in camera review is denied to the extent that it seeks review of his case beyond the de novo review to which he is entitled and has been accorded. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED